UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MIAMI VALLEY PAPER LLC, | : | NO. 1:05-CV-00702 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| LEBBING ENGINEERING & CONSULTING GMBH, | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion to Dismiss (doc. 9), Plaintiff's Memorandum in Opposition (doc. 15), Plaintiff's Motion for Leave to File a second Amended Complaint (doc. 16), and Defendant's Response to Plaintiff's Motion for Leave to Amend (doc. 17).

**RELEVANT FACTS AND PROCEDURAL HISTORY**

The facts in this case are as follows. The Plaintiff, Miami Valley Paper LLC (hereinafter "MVP"), is a Delaware company with its principal place of business in Franklin, Ohio (Doc. 9). The Defendant, Lebbing Engineering & Consulting GMBH (hereinafter "Lebbing"), is a German limited liability company with its principal place of business in Germany (Id.). In the Spring of 2003, MVP entered into a contract to purchase a used paper winder for $155,000.00 from Lebbing to use at their Franklin, Ohio facility (Id.). MVP specified the desired model and Lebbing subsequently shipped the winder to the United States (Id.).

-1-

MVP made partial payments on the winder until the item was received, at which point they ceased payments (Id.). MVP claims that the winder did not conform to the requested specifications (doc. 15). Upon receiving the winder, MVP notified Lebbing that they rejected the machine (Id.). Then, MVP sold the winder at public auction for $1,000 to one of its affiliates (Id.). MVP claims it spent an additional $1,000 to have the winder auctioned (Id.).

Plaintiff filed its initial Complaint on October 28, 2005, which stated Lebbing's principal place of business as New Jersey (doc. 1). On January 25, 2006 Plaintiff amended their Complaint, changing Lebbing's principal place of business to Germany (doc. 4). Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint, alleging five causes of action: 1) breach of express warranty; 2) breach of warranty of fitness for a particular purpose; 3) unjust enrichment; 4) fraudulent inducement; and 5) negligent misrepresentation (Id.). MVP alleges damages for payments made on the deficient winder as well as additional costs incurred in selling the winder pursuant to relevant Ohio law (Id.).

**APPLICABLE LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which states that, a pleading

-2-

"shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687 (1974)(overruled on other grounds).  Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957).  A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir. 1983), cert. denied, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

Jones, 824 F.2d at 1103.

The admonishment to liberally construe the plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions.  Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969).  "In practice, a complaint . . .

-3-

must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985) (quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981), cert. dismissed, 462 U.S. 1125 (1983)); see also Sutliffe, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir. 1984); Wright, Miller & Cooper, Federal Practice and Procedure: § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**LAW AND DISCUSSION**

Lebbing argues, in its Motion to Dismiss (doc. 9), that the contract disputes between the Parties are governed by the Convention on the International Sale of Goods ("CISG"), which MVP did not identify in their Amended Complaint (Id.). Therefore, Lebbing argues, MVP's contract claims are preempted by the CISG

Treaty which applies to contracts between parties whose places of business are in different countries and are signatories to the treaty. See CISG, 19 I.L.M. 671 (May 1980).

Lebbing's arguments are well-taken. But, in MVP's Motion for Leave to Filed a second Amended Complaint (doc. 16), it seeks to substitute causes of action arising under the CISG for each of the previously stated state law claims. As such, if the Court grants MVP's Second Motion to Amend, then Lebbing's above stated argument will be without merit.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In deciding whether to permit an amendment, the Court will consider delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593, 605 (6th Cir. 2001)(internal citations omitted).

In this case, counsel for MVP only recently became involved in the case and did not draft the original Complaint or Amended Complaint (doc. 16). Upon examination of the case, the aforementioned counsel concedes that MVP's claims are preempted by the CISG (Id.). Additionally, MVP wishes to amend the complaint accordingly to rectify the error (Id.). As such, the Court finds

no evidence of bad faith, delay in filing, or repeated failures to cure deficiencies. Additionally, no trial date has been set and discovery has not yet commenced (Id.). Therefore, amendment of the complaint will in no way delay the trial or prejudice Lebbing(Id.). Furthermore, while Lebbing does raise several valid counterclaims in their answer, they do not challenge Plaintiff's Motion to File an Amended complaint.

Additionally, Lebbing argues that Plaintiff's negligent misrepresentation claim should be dismissed pursuant to Rule 12(b)(6) (doc. 9). Lebbing relies on Chemtrol Adhesives, Inc. V. American Mfrs. Mut. Ins. Co., in which the court held that the law of negligence does not extend the manufacturer's duty so far as to protect the consumer's economic expectations that arise exclusively from the contract between the parties. 42 Ohio St. 3d 40, 45, 537 N.E.2d 624, 631 (Ohio 1989). However, as MVP notes in its Memorandum in Opposition (doc. 15), alternative pleading is permitted pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(e)(2). See also Son v. Coal Equity, Inc., 122 Fed. Appx. 797 (6th Cir. 2004). The Federal Rules allow for parties to set forth pleadings alternately or hypothetically regardless of their consistency. Id. MVP is permitted to put forth contract claims and, in the alternative, tort claims, pursuant to Rule 8(e)(2). Additionally, if MVP's contract claims prevail, they will be barred from prevailing on the aforementioned tort.

**CONCLUSION**

The Court finds that MVP has pleaded facts sufficient in their Amended Complaint (doc. 16) to defeat Lebbing's Motion to Dismiss (doc. 9).  When viewing the facts in a light most favorable to the non-movant, the Court notes MVP has pleaded facts that either directly or inferentially address the material elements necessary to sustain a recovery under causes of action stated in the Second Amended Complaint. Car Carriers, 745 F.2d at 1106.  The Court finds that justice requires that MVP be permitted to amend their complaint.  Accordingly, Lebbing's Motion to Dismiss (doc. 9) is DENIED and Plaintiff's Motion to file a second Amended Complaint (doc. 16) is GRANTED.

SO ORDERED.


Date: July 19, 2006                    s/S. Arthur Spiegel

                                                  S. Arthur Spiegel
                                                  United States Senior District Judge