```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

MIAMI VALLEY PAPER, LLC,          :
                                  :    NO. 1:05-CV-00702
    Plaintiff,                    :
                                  :    **OPINION AND ORDER**
                                  :
  v.                              :
                                  :
                                  :
LEBBING ENGINEERING &             :
CONSULTING GMBH,                  :
                                  :
    Defendant.

       This matter is before the Court on Defendant Lebbing Engineering's Motion for Partial Judgment on the Pleadings (doc. 19), Plaintiff Miami Valley Paper's Memorandum in Opposition (doc. 26), and Defendant's Reply in Support (doc. 28).  For the reasons stated herein, the Court DENIES Defendant's Motion for Partial Judgment on the Pleadings.

**I. Background**

       The facts in this case, taken from the Plaintiff's second amended complaint, are as follows.  Plaintiff, Miami Valley Paper, LLC, is a Delaware company with its principal place of business in Franklin, Ohio (doc. 23).   Defendant, Lebbing Engineering & Consulting GMBH, is a German limited liability company with its principal place of business in Germany (Id.).  In the Spring of 2003, Plaintiff entered into a contract to purchase a used paper

winder for $155,000.00 from Defendant to use at their Franklin, Ohio facility (Id.).  Plaintiff specified the desired model and Defendant subsequently shipped the winder to the United States (Id.).

Plaintiff made partial payments on the winder until the item was received, at which point they ceased payments (Id.). Plaintiff claims that the winder did not conform to the requested specifications (doc. 15).  Upon receiving the winder, Plaintiff notified Defendant that they rejected the machine (Id.).  Then, Plaintiff sold the winder at public auction for One Thousand Dollars to one of its affiliates (Id.). Plaintiff claims it spent an additional One Thousand Dollars to have the winder auctioned (Id.).

Plaintiff filed its initial Complaint on October 28, 2005, which stated Defendant's principal place of business as New Jersey (doc. 1).  On January 25, 2006, Plaintiff amended their Complaint, changing Defendant's principal place of business to Germany (doc. 4).  On January 20, 2006 Plaintiff filed a Second Amended Complaint, alleging six causes of action: 1) breach of contract; 2) breach of express warranty; 3) breach of warranty of fitness for a particular purpose; 4) unjust enrichment; 5) fraudulent inducement; and 6) negligent misrepresentation (doc. 23).  Defendant now moves for partial judgment on the pleadings on Counts IV-VI (docs. 19, 28).

**II. Applicable Legal Standard**

"The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same de novo standard that is applicable to a motion to dismiss under Rule 12(b)(6)." United Food and Commercial Workers Local 1099 v. City of Sidney, 364 F.3d 738, 745 (6th Cir. 2004) (citing Ziegler v. IBP Hog Mkt., 249 F.3d 509, 11-12 (6th Cir. 2001)). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which states that, a pleading "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1687 (1974). Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in Jones v. Sherrill, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir.

> 1983), cert. denied, 469 U.S. 826 (1984). The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. Id. at 158; Conley v. Gibson, 355 U.S. 41 (1957).

Jones, 824 F.2d at 1103.

The admonishment to liberally construe a plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), cert. denied, 470 U.S. 1054 (1985) (quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981), cert. dismissed, 462 U.S. 1125 (1983)); see also Sutliffe, Inc. v. Donovan Companies, Inc., 727 F.2d 648, 654 (7th Cir. 1984); Wright, Miller & Cooper, Federal Practice and Procedure: § 1216 at 121-23 (1969)). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be

> thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Analysis**

**A. Unjust Enrichment**

Defendant first asks the Court to dismiss Plaintiff's claim for unjust enrichment (docs. 19, 28). Defendant concedes that Fed. R. Civ. P. 8(e)(2) provides a procedural basis to plead alternative claims, but argues that under Ohio law, an express contract eliminates any substantive basis to plead quasi-contract or tort claims that allege breach of that contract's terms (Id. (citing Hughes v. Oberholtzer, 162 Ohio St. 330, 335 (Ohio 1954), Davis & Tatera, Inc. v. Gray-Syracuse, Inc., 796 F. Supp. 1078, 1085 (S.D. Ohio 1992), and Klusty v. Taco Bell Corp., 909 F. Supp. 516, 521 (S.D. Ohio 1995)).

In opposition, Plaintiff cites several cases for the proposition that unjust enrichment and contract claims may be plead alternatively (doc. 26 (citing Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc., 314 F.Supp.2d 763 (N.D. Ohio 2004), Tecknol v. Buechel, 1999 U.S. Dist. Lexis 22017 (S.D. Ohio Aug. 9, 1999), City of Elyria v. York Int'l Corp., 2005 U.S. Dist.

Lexis 10889 (N.D. Ohio 2005)). Defendant argues that each of these cases is distinguishable from the instant case because the cases cited by Plaintiff involved disputed contracts, whereas here, there is no dispute that the parties had an express contract (doc. 28).

As is evident from the string of cases cited by each side on this issue, the case law on this point is not completely clear. While it is well-established that Ohio law does not permit <u>recovery</u> under the theory of unjust enrichment when an express contract covers the same subject, <u>Ulmann v. May</u>, 147 Ohio St. 468 (1947), "there is conflicting authority in this district as to whether a plaintiff may <u>plead</u> unjust enrichment as an alternative theory of recovery." <u>Tecknol</u>, 1999 U.S. Dist. Lexis 22017 at *6 (emphasis added). As the Court has previously held, it is the opinion of the Court that a plaintiff may set forth both causes of action as alternative theories, pursuant to Fed. R. Civ. P. 8(e)(2). <u>United States v. Boeing Co</u>. 184 F.R.D. 107, 112 (S.D. Ohio 1998). Therefore, the Court declines to dismiss Plaintiff's claim for unjust enrichment at this stage in the proceedings.

**B. Fraudulent Inducement and Negligent Misrepresentation**

Defendant next moves the Court to dismiss Plaintiff's claims for negligent misrepresentation and fraudulent inducement (docs. 19, 28). Defendant asserts two grounds for dismissal: 1) Defendant argues that the United States Convention on the International Sale of Goods ("CISG") preempts any common law claims

-6-

that Plaintiff alleges under state law; and 2)Defendant contends that Plaintiff cannot plead tort claims for negligent misrepresentation or fraudulent inducement because Plaintiff merely asserts economic losses arising from an alleged failure of a machine to perform to contractual specifications (docs. 19, 28).

### 1) United States Convention on the International Sale of Goods

Defendant first contends that the CISG preempts Plaintiff's claims for negligent misrepresentation and fraudulent inducement (Id.). Plaintiff argues that the CISG only preempts state contract law claims, and then only to the extent that such claims fall within the scope of the treaty (doc. 26 (citing Asante Technologies, Inc. v. PMC-Serra, Inc., 164 F.Supp.2d 1142, 1151-1152 (N.D. Cal. 2001), Valero Marketing & Supply Co. v. Greeni Oy & Greeni Trading Oy, 373 F.Supp.2d 475, 480 (D. N.J. 2005)). Having reviewed the case law, the Court finds Plaintiff's argument well-taken. "Indeed, the CISG drafters made no attempt...to prescribe the legal effect of...a seller's negligent or fraudulent misrepresentation." Joseph Lookofsky, In Dubio Pro Conventione? Some Thoughts about Opt-outs, Computer Programs and Preemption under the 1980 Vienna Sales Convention (CISG), 13 Duke J. Comp. & Int'l L. 263, 280 (2003). Therefore, the Court finds that the CISG does not prevent Plaintiff from pleading negligent misrepresentation and fraudulent inducement.

**2) Economic Loss Doctrine**

Defendant's next basis for dismissal of Plaintiff's negligent misrepresentation and fraudulent inducement claims is that these claims are precluded by the economic loss rule (Id.) This doctrine "prevents a party from recovering economic losses in tort that result from 'a breach of duties assumed only by agreement.'" Onyx Environmental Services, LLC v. Maison, 407 F.Supp.2d 874, 879 (N.D. Ohio 2005) (citing Corporex Dev. & Constr. Mgmt., Inc. v. Shook, Inc., 106 Ohio St.3d 412, 414, 835 N.E.2d 701 (2005)).  Defendant contends that Ohio law does not provide the right for a party to assert tort claims that simply restate breach of contract allegations, and does not provide a tort remedy to recover economic losses for alleged failure of a product to perform as warranted (doc. 28 (citing Chemtrol Adhesives, Inc. v. American Mfrs. Mt. Ins. Co., 42 Ohio St.3d 40, 45 (Ohio 1989); Wolfe v. Continental Cas. Co., 647 F.2d 705, 710 (6th Cir. 1981); Battista v. Lebanon Trotting Assoc., 538 F.2d 111, 117 (6th Cir. 1976)).

However, as this Court previously held in its opinion in Cincinnati Gas & Electric Company, et al. v. General Electric Company, et al., 656 F. Supp. 49 (S.D. Ohio 1986) ("CG&E"), the economic loss rule does not preclude a claim of fraudulent

-8-

inducement.[1] *See also* <u>Onyx Environmental Services, LLC v. Maison</u>, 407 F.Supp.2d 874, 879 (N.D. Ohio 2005). Additionally, as Plaintiff points out, the Sixth Circuit has found that the economic loss rule does not apply to claims for negligent misrepresentation. <u>HDM Flugservice GMBH v. Parker Hannifin Corp.</u>, 332 F.3d 1025, 1032 (6th Cir. 2003).[2] Therefore, this Court finds that, under Ohio law, Plaintiff is not precluded from pleading negligent misrepresentation and fraudulent inducement by the economic loss doctrine.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES Defendant's Motion for Partial Judgment on the Pleadings.

SO ORDERED.

Dated: October 10, 2006     /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge

---

[1] In briefing, Defendant makes representations about the validity of Plaintiff's fraudulent inducement claim based on discovery in a previously-filed action in this case (doc. 28). Because this is a motion for judgment on the pleadings, the Court is confined to those facts pled in the complaint in ruling on the sufficiency of this claim. Fed. R. Civ. P. 12(b)(6).

[2] Defendant urges the Court to rule consistently with its decision in <u>CG&E</u>, 656 F. Supp. 49, and the reasoning that was adopted by the Ohio Supreme Court in <u>Chemtrol</u>, 42 Ohio St.3d 40. However, as the Sixth Circuit's analysis <u>HDM</u> reveals, <u>Chemtrol</u> dealt with the economic loss doctrine's application to negligence claims, not negligent misrepresentation claims. <u>HDM</u>, 332 F.3d at 1025. To the extent that this Court applied the economic loss doctrine to negligent misrepresentation in <u>CG&E</u>, the Court is now bound by the Sixth Circuit ruling in <u>HDM</u>, 332 F.3d 1025.